**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GOL TRANSPORTES AEROES, S.A.,

              Plaintiff,

       v.                                        Case No. C-1-10-376

DOYLE TRANSPORTATION, INC.,

              Defendant.

<u>**ORDER**</u>

      This matter is before the court upon plaintiff's Motion to Remand (doc. 5).  Defendant

opposes the motion (doc. 8).  An evidentiary hearing on the motion was held on November 10,

2010.

**I. Procedural history**

      Plaintiff GOL Transportes Aeroes, S.A. (GOL) originally filed this action against

defendant Doyle Transportation, Inc. (Doyle) in the Adams County, Ohio Court of Common

Pleas on May 17, 2010 (doc. 2).  GOL brought claims for breach of contract and negligence.

GOL alleges it is a corporation with its principal place of business in Sao Paulo, Brazil, and upon

information and belief, Doyle is a Florida corporation which transacts business in Adams

County, Ohio.  GOL claims that in July 2005, it contracted with Doyle, which in turn contracted

with a third party, to transport a jet engine owned by GOL from Ohio to Texas; while in the

possession or control of Doyle or its agent, the jet engine was damaged; Doyle breached the

1

contract by failing to maintain and properly deliver the jet engine to its destination; after the incident, GOL paid $114,053.13 for repairs to the damaged jet engine; and as a result of Doyle's breach of contract, GOL had been damaged "in an amount to be established at trial, but not less than $25,000."

In support of its negligence claim, GOL alleges that Doyle breached duties it owed to GOL by improperly loading the jet engine, or allowing it to be loaded, onto a non air-ride trailer in violation of applicable contract(s) and the bill of lading which required that the jet engine be transported via air-ride trailer. GOL claims that as a result of Doyle's actions, the jet engine was damaged during transport in the amount of approximately $114,053.13. GOL alleges that after the incident, it paid $114,053.13 for repairs to the damaged jet engine. It claims that as a foreseeable and proximate result of GOL's negligent actions and damage to the jet engine, it has suffered damages in an amount to be established at trial, but not less than $25,000.

As relief, GOL demands judgment against Doyle as follows: compensatory damages in an amount greater than $25,000; prejudgment and post-judgment interest; its costs and attorney fees incurred in bringing this action; and such other relief as the court deems just and proper.

Doyle filed a notice of removal to this court on June 9, 2010, based on the court's diversity jurisdiction (doc. 1). Doyle states that GOL is identified as a corporation with its principal place of business in Brazil, and Doyle is a corporation organized pursuant to the laws of Florida with its principal place of business in Miami, Florida. Doyle asserts that the amount in controversy exceeds $75,000.

Plaintiff GOL subsequently filed its motion for remand, claiming that the amount in controversy does not exceed $75,000 as required under 28 U.S.C. § 1332(a). GOL alleges that

on June 9, 2010, its counsel sent email correspondence to Doyle's counsel advising him that the amount in controversy did not exceed $75,000 but was instead "closer to $50[,000]" and expressing a hope that Doyle would send the case back to state court (doc. 5, exh. A).  The correspondence states that GOL has settled a portion of the case with a party whose name is redacted on the exhibit.  GOL further represents that twice on June 17, 2010, its counsel informed Doyle's counsel via email that the amount in controversy would not exceed $75,000 and provided evidence conclusively demonstrating this, but to no avail. That correspondence references the settlement agreement counsel referred to in doc. 5, exh. A.  GOL advised counsel that it would move for fees and expenses if Doyle did not voluntarily notice the case for remand. GOL has submitted an affidavit completed and signed by its attorney stating that the amount in controversy does not exceed $75,000, exclusive of interest and costs, and attaching the emails sent to Doyle's counsel.

        In response, Doyle argues that the complaint at §§ 11, 18 and 21 specifically pleads damages of $114,053.13.  Doyle asserts for jurisdictional purposes that the complaint does not refer to a settlement and does not limit the costs of repairs to the engine.  Doyle contends that none of the communications GOL cites are set forth in the complaint and they are inadmissible evidence which the court cannot properly consider.  Doyle claims that regardless of whether plaintiff settled a portion of the case with another party, the amount in controversy remains at $114,053.13 and GOL's references to damages in that amount must stand as pled.

        At the evidentiary hearing, counsel for GOL made two factual representations to the court which are binding on GOL.  First, GOL represented that its settlement with the third party who was initially involved in this litigation was reached before Doyle removed the case to this court.  Second, GOL represented that the total damages in issue are less than $75,000 and it

3

cannot recover more than that amount from Doyle.

## II. Applicable Law

Title 28 U.S.C. § 1441(a) provides that

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

Removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. 2006).

A defendant who seeks to remove a case to federal court has the burden to prove that the district court possesses jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1191 (2010)).  Where the plaintiff seeks to recover some unspecified amount which is not clearly greater or less than the jurisdictional amount, the defendant must show it is more likely than not that the jurisdictional amount is satisfied. *Gafford*, 997 F.2d at 158.  The general rule in diversity cases is "the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Rosen v. Chrysler Corp.,* 205 F.3d 918, 921-22 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983)).

Title 28 U.S.C. § 1447(c) provides that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The Sixth Circuit has held that jurisdiction is determined at the time of removal. *Rogers v. Wal-mart Stores, Inc*., 230 F.3d 868, 872 (6th Cir. 2000).  Some district courts in the Sixth Circuit have

4

held that *Rogers* and the line of precedent it relied on were abrogated by the Supreme Court's

decision in *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224 (2007).  *See, e., g.*

*Roberts v. A & S Building Systems*, *L.P*., 2008 WL 220627, *3 (E.D. Tenn. 2008) (post-removal

stipulation that the amount in controversy was less than $75,000 required remand, even where

defendants initially met their burden of demonstrating that removal was proper because the

jurisdictional threshold was satisfied).  At least one other court which has examined the issue

reached a different result and concluded that it "was not persuaded that *Powerex* abrogates the

principle in *Rogers* that a post-removal stipulation does not divest a court of jurisdiction."  *See*

*Driscoll v. Wal-Mart Stores East, Inc*., 2009 WL 2169134, *3 n.2 (S.D. Ohio 2009) (King,

M.J.).  This court need not decide the issue because it finds that plaintiff's stipulation clarifies

that the amount in controversy was less than $75,000 when defendant removed the case.

Accordingly, the jurisdictional requirements were not satisfied at the time of removal and

remand is required.

### III.  Opinion

It is not clear from the face of the complaint itself whether the jurisdictional amount is

satisfied in this case.  GOL does not limit its request for damages to less than $75,000.  In

addition, GOL supplies specific information showing that it incurred damages that exceeded

$75,000.  GOL alleges in ¶¶ 11, 18, and 21 of the original complaint that the jet engine was

damaged in the amount of $114,053.13.  This case is thus distinguishable from *Palkow v. CSX*

*Transportation, Inc*., 431 F.3d 543, 548 n.5 (6th Cir. 2005), a case on which GOL relies in

support of its position that the jurisdictional amount is not satisfied based on its allegations in the

complaint.  The court in *Palkow* found that there was no dispute that diversity jurisdiction did

not exist in that case both because it was undisputed that there were non-diverse defendants, and

the amount in controversy was alleged only as an amount "in excess of $25,000." There is no information in ***Palkow*** that any other amount of damages was stated or that the parties disputed whether the jurisdictional amount was satisfied.

On the other hand, while GOL sets out a specific amount of damages in the complaint, it does not specify the amount it seeks to recover from Doyle. Thus, it is not entirely clear whether GOL seeks to recover from Doyle the full amount of the damages it allegedly incurred in connection with the transport of the jet engine.

It is therefore necessary to look beyond the face of the complaint to determine whether the jurisdictional amount was satisfied at the time Doyle removed this case. The court accepts as true the representation by GOL's counsel at the evidentiary hearing that prior to removal, GOL had reached a settlement with a third party which reduced the damages GOL can recover against Doyle in this lawsuit to an amount below $75,000. Counsel's representation makes clear that GOL has not reduced the amount in controversy by submitting matters post-removal. Rather, the damages at issue were less than the jurisdictional amount when Doyle removed the case. Subject matter jurisdiction is therefore lacking, and the court must remand this action to state court pursuant to § 1447(c). Plaintiff GOL is bound by the representations made by its counsel at the evidentiary hearing, which are part of the record in this case, so that the total amount of damages GOL can recover from defendant Doyle in this action are capped at less than $75,000.

GOL has requested its attorney fees and costs incurred in filing the motion to remand. GOL has not, however, cited any authority in support of its request. Absent any such authority, the request is not well-taken as Doyle had a reasonable basis for removing the action based on the allegations of the state court complaint. The request is therefore denied.

## IV.  Conclusion

For these reasons, plaintiff's Motion for Remand is **GRANTED**.  The case is

**REMANDED** to the Adams County, Ohio Court of Common Pleas and is **TERMINATED** on

the docket of this court.

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT